IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TANYA R. PHILLIPS                                                                                               PLAINTIFF
*on behalf of*
C.B.P., a minor

vs.                                              Civil No. 2:15-cv-02137

CAROLYN W. COLVIN                                                                                       DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Pending now before this Court is Defendant's Motion to Dismiss. ECF No. 13.[1] Plaintiff has not responded to this motion. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8. Pursuant to this authority, the Court issues this Memorandum Opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Defendant filed a Motion to Dismiss alleging Plaintiff failed to exhaust all administrative remedies before filing the complaint in this Court. ECF No. 13. According to Defendant, an initial determination (Notice of Disability Cessation) was sent to Plaintiff on June 9, 2015, advising Plaintiff her disability had ceased and terminating Plaintiff's childhood disability benefits. *Id.* Defendant states Plaintiff failed to file a request for reconsideration to appeal this determination as the next required step in the administrative review process, and instead Plaintiff filed the present complaint in this Court. *Id.* As such, Plaintiff failed to exhaust her administrative remedies.

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

Plaintiff filed no response to Defendant's Motion to Dismiss.

**2. Discussion:**

The Social Security Administration ("SSA") found Plaintiff, a minor, disabled under Title XVI of the Social Security Act ("Act") and entitled to childhood disability benefits as of December 1, 2002. ECF No. 14-1. In 2015, SSA conducted a continuing disability review and determined Plaintiff's disability ceased on June 9, 2015, and sent Plaintiff a letter entitled "Notice of Disability Cessation" on June 9, 2015, explaining this initial determination. *Id*. The Notice of Disability described the process for requesting an appeal (request for reconsideration) of this determination, requesting a continuance of checks during the appeal, and how the appeal process before a disability hearing officer works. *Id.* In particular, the Notice of Disability Cessation explained Plaintiff would have 60 days to appeal. According to Defendant, Plaintiff did not appeal, or request reconsideration of this determination with SSA, and instead, on July 8, 2015, filed the present civil action.

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a complaint for lack of subject matter jurisdiction. Subject matter jurisdiction is a threshold matter that pertains to the court's authority over the category of the claim in the suit. *See Ruhrgas AG v. Marathan Oil Co.*, 526 U.S. 574, 577, 583 (1999). The Social Security Act (Act) confers jurisdiction on United States district courts to review "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). A claimant's failure to exhaust all administrative remedies with SSA before filing an appeal in district court deprives the court of subject matter jurisdiction. *See Sims v. Apfel*, 530 U.S. 103, 106-107 (2000).

The Social Security regulations set forth the process of administrative review and explain a claimant's right to judicial review after he or she has taken all of the necessary administrative steps.

*See* 20 C.F.R. § 416.1400(a). The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order: (1) initial determination; (2) reconsideration; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 416.1400(a). When a claimant has completed the steps of the administrative review process, SSA will have made its final decision subject to judicial review in district court. *See* 20 C.F.R. § 416.1400(a)(5).

The SSA's June 9, 2015, Notice of Disability Cessation to Plaintiff constitutes SSA's "initial determination." Initial determinations are the determinations SSA makes that are subject to administrative and judicial review. *See* 20 C.F.R. § 416.1402. The Notice of Disability Cessation advised Plaintiff she had 60 days to appeal the determination with SSA and that a Disability Hearing Officer with SSA would decide the appeal. Plaintiff did not seek an appeal with SSA; rather, she filed the present Complaint in federal district court. As a result, she did not complete the administrative review process, Defendant had not issued a final decision subject to judicial review, and this Court lacks subject matter jurisdiction. *See* 20 C.F.R. §§ 416.1400(a), (b), 416.1481.

Based on this, the Court finds Plaintiff's complaint should be dismissed.

**3. Conclusion:**

Based on the foregoing, Defendant's Motion to Dismiss (ECF No. 13) is **GRANTED**. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **5th day of October, 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE